Considered by MORRIS, MURDOCK, and SIEFKIN.

---

G. H. HILL AND H. H. HAYES, ADMINISTRATORS, ESTATE OF C. W. GOODIN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4420.   Promulgated November 7, 1927.

1. *Held*, that a note had no value at the time of decedent's death.
2. Evidence *held* insufficient to support the contention that the net estate had a lower value than the specific exemption provided for in the statute.

*Perry W. Shrader, Esq.*, for the petitioners.
*C. H. Curl, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in estate tax of $305.67. The deficiency results in part from the inclusion in the net estate of certain notes valued by respondent at $41,815.44.

FINDINGS OF FACT.

C. W. Goodin, a resident of Ottawa, Franklin County, Kans., died intestate on July 28, 1922.

Prior to his death the decedent was engaged in the business of loaning money on second mortgages and unsecured notes. In order to carry on this business it was necessary at times for him to borrow money. At the time of his death, decedent held several hundred notes and mortgages ranging in amount from $5 to more than $37,000. Part of these were secured and part were not. An appraisal of decedent's property including notes and mortgages was made by appraisers appointed by the probate court of Franklin County, Kansas, and a report filed with the court. In this report a note of John R. Wimmer for $21,000 and four notes of the City Securities Co. for $800, $500, $240, and $700, respectively, as well as a number of other notes, were shown to have been appraised as not having any value at the time of the decedent's death. In the return filed for Federal estate-tax purposes by the petitioners the note of Wimmer and those of the City Securities Co., as well as other notes, were reported as having had no value at the time of the decedent's death. The administrators have spent about $1,600 in an

attempt to realize on the Wimmer note, but have found that nothing can be collected on it.

In an audit of the return filed by the petitioners, the respondent determined that the Wimmer note had a value of $11,000, at the time of decedent's death and that the face value of the notes of the City Securities Co. represented their actual value. The respondent also determined that certain other notes as well as other property had a greater value than that reported in the return.

OPINION.

TRAMMELL: The petitioners contend that the respondent erred (1) in not excluding from the assets of the estate many worthless and unsecured notes, (2) in finding that the net value of the estate, if it had any value, was more than $25,000, and (3) in not finding that the net worth of the estate was less than the specific exemption of $50,000 allowed under the Revenue Act of 1921.

There were listed in the petition filed in this proceeding 64 notes which the respondent determined had a total value of $41,815.44 at the date of decedent's death. The petitioner contends that the respondent's valuation is erroneous and that the notes had a total value of only $8,524.77.

The probate court of Franklin County, Kansas, appointed three competent and well qualified persons to make an appraisal of the decedent's property. One of these, J. R. Findley, was produced as a witness in behalf of the petitioners and testified that in his opinion the Wimmer and the City Securities notes were worthless when the appraisal was made.

He had been in business in Ottawa for about 20 years and at the time of making the appraisal in 1922 was engaged in the real estate business. Prior to 1922 he had been engaged in the banking business for about 15 years and was familiar with the financial condition of the people in and around Ottawa. Upon oral instructions of the probate court the appraisers included in their appraisal at face value all the notes of persons whose financial standing was unknown to them and about which they were unable to obtain any information. In their report the Wimmer note and the City Securities notes were appraised as having no value. This appraisal was accepted by the probate court.

From all the evidence, considering the fact that the appraisers were familiar with persons living in the county, their financial standing and the values of securities, the fact that if they did not know the conditions, they reported them at face value, and other corroborating facts, we think that the return for estate-tax purposes

was correct insofar as it returned the above notes as having no value. The action of the respondent with regard to these notes is therefore disapproved.

There was no preponderance of evidence that the value of the other notes was less than the amount determined by the respondent. The evidence in support of the contentions that the net value of the estate was not more than $25,000 and less than the $50,000 specific exemption provided for by the Revenue Act of 1921 is general and indefinite. It consists of the expressions of opinion by one of the administrators and by one of the appraisers that the valuation placed on the notes in the original appraisal was too high. Their opinions appear to have been so largely based or influenced by subsequent events and developments which affected the values that we attach no weight to them. It does not convince us that the values at the date of the death of the decedent were less than the values determined by the respondent.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by Morris, Murdock, and Siefkin.